UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRAD H. DUNLAP, JR., )
    Plaintiff, )
)
v. ) No. 3:10-CV-136
) (Phillips/Guyton)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
    Defendant. )

**MEMORANDUM OPINION**

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 25] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 24]. Magistrate Judge Guyton found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning August 4, 2005. The claim was denied by the administrative law judge (ALJ) on January 16, 2008. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those

portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ failed to give controlling weight to the opinion of his treating physician, Dr. Eric Redmon. Dr. Redmon reported that plaintiff has "severe low back pain and due to his pain is unable to work."

The ALJ need not adopt a physician's assessment where the physician does not offer objective medical evidence to support the assessment. *Young v. Secretary of Health and Human Services,* 923 F.2d 146, 151 (6th Cir. 1990). The ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by acceptable medical evidence. *Cohen v. Secretary of Health and Human Services,* 964 F.2d 524, 528, (6th Cir. 1992). The weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record. 20 C.F.R. § 404.1527(d)(3). Here, the ALJ properly discounted Dr. Redmon's opinion that plaintiff was unable to work due to back pain because the medical record does not support his conclusory opinion.

The record shows that a January 2006 x-ray scan of the lumber spine revealed no abnormalities. An April 2006 MRI of the lumbar spine showed normal alignment and only a right-sided disc bulge at L5-S1 that did "not appear to significantly compromise the central canal or the neural foramina." The rest of the MRI showed normal

results. Plaintiff reported pain relief from a series of epidural steroid injections in June-July 2006. Electrodiagnostic testing in October 2006 showed L5 and S1 root innervation. Lower extremity sensory and motor findings were normal. A CT scan of the lumbar spine performed on October 16, 1006 was described as "essentially normal," no significant disc space narrowing, only minimal bulging at L4-5, and no lateral nerve root compression. In November 2006, Dr. Redmon noted that plaintiff had done well after an epidural series with a 30-40% decrease in pain and almost complete resolution of his radicular symptoms. CT scan revealed no new abnormalities. Although there was some tenderness noted in the lower lumbar paraspinal muscles, strength, sensation and deep tendon reflexes were intact and normal, and straight leg raising was negative. MRI in December 2006 showed only a mild bulge and annular tear, as well as generalized degenerative disc disease. Exam in January 2007 revealed only moderate tenderness in the lower lumbar paraspinal muscles.

In September 2006, Dr. Eva Misra reviewed plaintiff's records and opined that plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for 6 hours in an 8-hour work day; sit 6 hours; no limitations in pushing or pulling; frequently climb, balance, stoop, kneel, crouch and crawl. Dr. Misra concluded that plaintiff could perform work at the medium exertion level.

In March 2007, Dr. Marvin Cohn reviewed plaintiff's records and opined that plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk for 6 hours in an 8-hour work day; sit 6 hours; no limitations in pushing or pulling;

frequently climb, balance, stoop, kneel, crouch and crawl; no manipulative, visual, communicative or environmental limitations. Dr. Cohn noted that plaintiff was able to perform tests without back or leg complaints; straight leg raising was negative; and there were no neurological findings.

Because Dr. Redmon's opinion that plaintiff is disabled is inconsistent with his own records and the findings of the other treating/reviewing physicians, and the overall record, I find that the ALJ properly discounted it. It is the ALJ's function to determine what medical restrictions plaintiff is under and how such restrictions affect his RFC. *Maziarz v. Secretary of Health and Human Services,* 837 F.2d 240, 247 (6th Cir. 1987). There is substantial evidence in the record to support the ALJ's finding that plaintiff retains the capacity for medium exertion work.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge